**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4165**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

          v.

DANIEL SCOTT HOPPER,

              Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:10-cr-00016-MR-1)

Submitted:  February 16, 2012          Decided:  March 2, 2012

Before WILKINSON, WYNN, and DIAZ, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Angela Parrott, Acting Executive Director, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Ann L. Hester, Rahwa Gebre-Egziabher, Assistant Federal Defender, Charlotte, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Asssistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Scott Hopper pled guilty to one count of armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006) (Count One), and one count of possessing and brandishing a firearm in furtherance of the bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (2006) (Count Two). The district court sentenced Hopper to a total of 114 months in prison, thirty months for Count One and a consecutive term of eighty-four months for Count Two. The district court also ordered Hopper to reimburse the United States for his court-appointed attorneys' fees. Hopper timely appealed.

On appeal, Hopper first contends that his sentence was unreasonable. This court reviews sentences for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Our review of the record leads us to conclude that, when selecting a sentence for Count One, the district court properly considered both the 18 U.S.C. § 3553(a) (2006) factors and the fact that Hopper faced a statutory minimum consecutive sentence for Count Two. Therefore, we find the term of imprisonment imposed by the district court to be both procedurally and substantively reasonable.

Hopper also claims that the district court erred in requiring him to reimburse the United States for his court-appointed attorneys' fees.  We review the district court's legal analysis in a reimbursement order de novo, and its factual findings for abuse of discretion.  United States v. Moore, 666 F.3d 313, 2012 WL 208041, at *5 (4th Cir. Jan. 25, 2012).  In Moore, we recently held that the district court "must base the reimbursement order on a finding that there are specific funds, assets, or asset streams (or the fixed right to those funds, assets or asset streams) that are (1) identified by the court and (2) available to the defendant for the repayment of the court-appointed attorneys' fees."  Id. at *6.  Because the district court made no such finding in Moore, we found that the district court had erred, vacated the portion of Moore's sentence relating to the reimbursement of attorneys' fees, and remanded for resentencing only on that issue.  Id. at *9. Similarly, in the case at hand, the district court made no determination as to Hopper's current ability to pay. Accordingly we vacate Hopper's sentence and remand for further proceedings in light of Moore.

We affirm Hopper's conviction which he does not challenge on appeal.  Furthermore, we affirm Hopper's sentence of imprisonment.  In light of our decision in Moore, we vacate only that portion of Hopper's sentence ordering repayment of

3

attorneys' fees and remand to the district court for resentencing on this portion of the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,<br>
VACATED IN PART,<br>
AND REMANDED